WILL CRAVER v. FRANKLIN COTTON MILLS, INC.

(Filed 5 December, 1928.)

**1. Master and Servant—Liability of Master for Injuries to Servant— Safe Place to Work—Nonsuit.**

Where in an action to recover damages of an employer for its negligence in failing to provide an employee a safe place to work, the evidence tended only to show that the plaintiff was required to go up flights of steps at night in the performance of his duties as watchman in the de-

fendant's cotton mill, and was injured by tripping over a piece of wire stretched across a step between two nails, with evidence tending to show that the wire was not used in any way in connection with the operation of the mill, and that it was not there at six o'clock of the evening before, with conflicting evidence as to the sufficiency of an electric light burning near by, but that the plaintiff had gone up and down these steps many times with the same amount of light without injury, and without complaining during his several months employment at the mill: *Held*, the evidence was insufficient to take the issue of the defendant's actionable negligence to the jury.

**2. Negligence—Proximate Cause—Intervening Cause—Anticipating Injury.**

Upon evidence tending to show that independent acts or misconduct of another intervened and proximately caused the injury in suit, which the defendant in the exercise of ordinary care could not have reasonably anticipated, and defendant's motion as of nonsuit should be granted.

APPEAL by defendant from *Webb, J.,* at April Term, 1928, of CABARRUS. Reversed.

*A. A. Tarlton, J. F. Newell and Hartsell & Hartsell for plaintiff.*
*W. H. Beckerdite, J. L. Crowell and J. L. Crowell, Jr., for defendant.*

ADAMS, J. The plaintiff was employed by the defendant as a night-watchman. It was his duty to keep watch on three floors of the mill, and once an hour in winding his clock to use keys which were "fastened to the upstairs and posts over the room." In the performance of this duty he had to go up and down a stairway. At 9 o'clock on the night of 7 September, 1927, while he was going from the second floor to the basement his foot was caught in the loop of a small wire each end of which had been fastened by nails to the eighth step, and he was thereby thrown to the foot of the stairway and injured. The defendant moved for nonsuit at the close of the plaintiff's testimony and at the conclusion of all the evidence, and excepted to the denial of its motion. The issues of negligence, contributory negligence, and damages, were answered in favor of the plaintiff, and from the judgment the defendant appealed upon assigned error.

The only negligence set forth in the original complaint has reference to the wire. It was alleged (1) that the defendant negligently operated its mill with a copper wire fastened on the eighth step of a stairway which it was necessary for the plaintiff to use in the course of his employment; (2) that the defendant negligently fastened the wire to the step; and (3) that the defendant knew, or by the exercise of due care should have known the wire was there. The complaint was subsequently amended by inserting an allegation of the defendant's negligent failure to light the stairway. It is upon these allegations that the action was

prosecuted. It therefore becomes necessary to determine whether upon all the evidence either of the causes can be maintained.

First as to the lights: The plaintiff testified that one light was burning in the tower (which was more than ten feet square) when he was injured, but that it "did not shine on the staircase to do any good," and gave his reason for saying so; but he said that he had been engaged in this particular work for six months; that, excepting nine nights, he had gone up and down the stairway every hour while on duty, twelve times every night, when the light in the tower was burning, and that he had never fallen before. True, he testified that there was no light on the stairway when he was injured, and if one had been there he could have seen the wire; but the light in the tower was the only one which had been used during the preceding six months to light the stairway. Several witnesses testified in contradiction of the plaintiff as to the sufficiency of the light in the tower, which was very near the stairs; but considering the plaintiff's testimony as undenied, we cannot escape the conviction that the light in the tower was bright enough for the usual and ordinary prosecution of his work. The plaintiff seems to have thought so, for there is no evidence that he made any complaint to the defendant. Moreover, the testimony shows that the defendant had provided a lantern for the plaintiff and that he preferred a flash light. He testified, "Part of the time I carried a flash light and part of the time I didn't. I won't say whether I had one that night. Sometimes I'd go and forget to take it out of my pocket."

If sufficient provision was made in this respect for the usual work required of the plaintiff, how is the question of the defendant's negligence affected by the fact that a wire was nailed to the step? The wire was no part of the equipment of the mill; it was not needed or used in the operation of the machinery; it served no purpose in the defendant's business. It was about twenty-four inches long, the size of a knitting needle, insulated, and fastened to the step at each end by two nails eighteen inches apart. There is no evidence that the defendant put it there. Witnesses who had occasion to be on the stairway testified that the wire was not on the step at 3 o'clock, at 5:30, or at 6; and the plaintiff himself said, "Looks like if the wire had been there when I went down at 6 o'clock I might have seen it." We do not find any evidence that the defendant fastened the wire to the step or had any knowledge of it, actual or implied. It may have been put in position by some one moved by a prankish impulse or a malicious spirit; but under the evidence it cannot be imputed to the defendant.

Under these circumstances what duty did the defendant owe the plaintiff? Certainly not that of an insurer against injury. It owed the plaintiff the duty of exercising ordinary care to provide reasonably

safe instrumentalities and a reasonably safe place in which to do his work, *i. e.,* the degree of care which a man of ordinary prudence would exercise, having due regard to his own safety. *Marks v. Cotton Mills,* 135 N. C., 290; *Nail v. Brown,* 150 N. C., 535; *Mercer v. R. R.,* 154 N. C., 401; *Gaither v. Clement,* 183 N. C., 450. We think the plaintiff's testimony shows that this requirement was met, if the wire be disregarded. We are also of opinion that in the absence of evidence connecting defendant with the act of nailing the wire to the step, it cannot be said that the defendant was negligent in failing to foresee and provide against the misconduct of others not reasonably to be anticipated and not supposed to happen save under rare and exceptional circumstances. Ordinarily, there is no duty to guard against danger unless one knows, or ought to know of its existence. Hale on Torts, 463; 29 Cyc., 433.

The defendant contends that this unforeseen act was the proximate cause of the injury. Accepting the familiar definition of proximate cause as that which in natural and continuous sequence, unbroken by any new and independent cause, produces an event, we must keep in mind the other principle that when an independent, efficient, and wrongful cause intervenes between the original wrongful act and the injury ultimately suffered, the former and not the latter is deemed the proximate cause of the injury. While there may be more than one proximate cause, that which is new and entirely independent breaks the sequence of events and insulates the original or primary negligence. This principle would apply if it should be granted that the defendant was negligent with respect to the light in the tower. *Harton v. Telephone Co.,* 141 N. C., 455; *Lineberry v. R. R.,* 187 N. C., 786; *Cobia v. R. R.,* 188 N. C., 490.

There being no sufficient evidence of the negligence on the part of the defendant, its motion to dismiss as in case of nonsuit should have been granted. Judgment

Reversed.