J. VERNON SMITHWICK AND J. T. SMITHWICK v. COLONIAL
PINE COMPANY, INC.

(Filed 25 March, 1931.)

**1. Trial D a—Upon motion of nonsuit all evidence is to be considered in light favorable to plaintiff.**

Upon a motion as of nonsuit all the evidence is to be considered in the light most favorable to the plaintiff, and he is entitled to every reasonable intendment thereon and every reasonable inference therefrom. C. S., 567.

**2. Highways B e—Evidence of defendant's violation of section 2621 in parking truck on highway held sufficient to be submitted to jury.**

Where there is evidence tending to show that the defendant had parked his truck upon the hard surface of a highway in violation of section 2621 (a) Michie's Code of 1927, resulting in injury to the plaintiff, and the defendant claims that under the facts it came within the exception, section 2621(c): *Held,* under the statute and the facts disclosed by the record the matter should have been submitted to the jury under proper instructions, and the granting of defendant's motion as of nonsuit was error.

APPEAL by plaintiffs from *Sinclair, J.,* at November Term, 1930, of BERTIE. Reversed.

This is an action for actionable negligence brought by plaintiffs against the defendant for damages. The actions were consolidated.

The plaintiff, J. Vernon Smithwick, contends that he was driving an automobile—Dodge coach, sport model—which belonged to his father,

one of the plaintiffs, J. T. Smithwick, on Route No. 90, on or about 7 April, 1928. That it was a rainy day and the road was wet and slippery. He was driving eastwardly along and over said highway, in a cautious and careful manner. That defendant's truck, headed in the same direction was "heavily loaded with lumber being parked upon the hard-surfaced portion of said State Highway No. 90, on the right-hand side thereof coming east, the plaintiff undertook to pass to the left of said truck and to go around the same; that the said truck obstructed the view of persons approaching from the opposite direction, and as plaintiff was on the eve of passing said truck another car suddenly appeared coming in the opposite direction and it became necessary, in order to save his own life and the life of his wife, who was a passenger with him in said automobile, and to avoid a head-on collision with the said approaching automobile, for the plaintiff to suddenly turn his automobile to the right side of said highway, and owing to the fact that the defendant's said truck was unlawfully, negligently and carelessly parked on the said highway and obstructed the passing and repassing of automobiles thereon, and thereby obstructing and interfering with the public traffic on said highway and blocking the same, the automobile driven by plaintiff was violently thrown against said truck and lumber thereon, and the said automobile was entirely demolished and the plaintiff was violently thrown out of said automobile and seriously injured." That his wife was also injured.

The defendant denied any negligence and set up the plea of contributory negligence, and also set up a counterclaim against plaintiff for injury to the truck.

*J. H. Mathews for plaintiffs.*
*S. L. Arrington for defendant.*

PER CURIAM. At the close of plaintiffs' evidence and at the close of all the evidence, the defendant in the court below made motions for judgment as in case of nonsuit. C. S., 567. The court below, at the close of all the evidence granted the motion of defendant. In this we think there was error.

Michie's Code of N. C., of 1927, annotated, p. 914, sec. 2621, sec. 66 (Public Laws 1927, ch. 148, sec. 24(a) and (c), in part is as follows: "(a) No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway: *Provided,* in no event shall any person park or leave standing any vehicle, whether

attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of two hundred (200) feet in both directions upon such highway: *Provided further,* that in no event shall any person park or leave standing any vehicle whether attended or unattended upon any highway bridge. . . . (c) The provisions of this section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position."

The defendant contends that under all the facts it came within the provisions of (c) quoted above.

"It is a well settled rule of practice and accepted position in this jurisdiction, that, on a motion to nonsuit, the evidence which makes for the plaintiff's claim and which tends to support her cause of action, whether offered by the plaintiff or elicited from the defendant's witnesses, will be taken and considered in its most favorable light for the plaintiff, and she is 'entitled to the benefit of every reasonable intendment upon the evidence, and every reasonable inference to be drawn therefrom.' " *Nash v. Royster,* 189 N. C., at p. 410.

We think, from the above quoted statute and the facts disclosed by the record, the matter should have been submitted to the jury under proper instructions. As the case goes back to be tried by a jury, we will not discuss the facts. The judgment of the court below is

Reversed.