### STATE v. W. C. T. CARTER.

(Filed 24 January, 1934.)

**1. Municipal Corporations H a—**

   A city has the power to provide by ordinance for the proper regulation of the use of its streets. C. S., 2787 (71), (31).

**2. Municipal Corporations H d—Ordinance prohibiting parking of motor vehicles along designated part of street held reasonable and valid.**

   A city ordinance prohibiting parking of automobiles on one side of a street on certain blocks where, because of the narrowness of the street, there is insufficient room for cars to pass between parked cars and a street-car track in the street, *is held* reasonable and valid, the ordinance being necessary to prevent obstruction of the street and not applying to stopping of vehicles for the unloading of passengers or merchandise.

**3. Same: Highways A e—**

   The word "park" as used in regulations of motor vehicles means allowing such vehicles to remain standing on a public highway or street while not in use.

APPEAL by defendant from *Sink, J.*, at September Term, 1933, of GUILFORD. No error.

The defendant was tried and convicted, first in the municipal court of the city of High Point, and, second on his appeal from the judgment of the municipal court, in the Superior Court of Guilford County, of a violation of an ordinance of the city of High Point.

From the judgment of the Superior Court, that he pay a fine of $50.00, and the costs of the action, the defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*C. A. York for defendant.*

CONNOR, J. Some time prior to 27 June, 1933, the city council of the city of High Point adopted and passed an ordinance providing that "it shall be unlawful for any person, firm or corporation to park any automobile, truck or other motor driven vehicle on the north side of English Street between College Street and Phillips Street" in said city. This ordinance was in full force and effect, according to its terms, on 27 June, 1933.

The evidence for the State at the trial in the Superior Court showed that between the hours of one and two o'clock, p.m., on 27 June, 1933, the defendant's automobile was standing on English Street, in front of defendant's store, which is located on the north side of English Street, between College Street and Phillips Street, in the city of High Point, and that a police officer of said city requested the defendant to move said automobile from the north side of English Street to the other side of said street. The defendant refused to comply with this request on the ground that the ordinance which the police officer was endeavoring to enforce was void, for the reason, first, that the city council had no power to adopt and pass the said ordinance, and second, that the ordinance is unreasonable in its terms and provisions. The automobile thereafter remained standing on the said street in front of defendant's store for more than fifty minutes, during which time the automobile was not used for any purpose by the defendant or by any one else. All the evidence showed that the defendant wilfully violated the ordinance. The motion of the defendant, at the close of all the evidence, for judgment dismissing the action, was properly denied, unless, as contended by the defendant, the ordinance is void.

The city of High Point, a municipal corporation of this State, had ample power to adopt and pass the ordinance. Such power is expressly conferred upon said city by statute. C. S., 2787(71) and (31). The ordinance is a proper regulation by the city of the use of its streets, and is not void for want of power in the city council to adopt and pass it.

The ordinance is not unreasonable. The evidence shows that English Street is 28 feet wide, that a street-car track extends along the middle of said street, and that when an automobile is standing against the curb on the north side of said street, between College Street and Phillips Street, traffic on said street is obstructed. The ordinance was adopted and passed in order that by its enforcement traffic on English Street, between College Street and Phillips Street, should not be obstructed by the parking of an automobile, a truck or a motor driven vehicle on the north side of English Street. The ordinance does not prohibit the

stopping of an automobile, a truck, or a motor driven vehicle in the street, for the purpose of discharging or taking on passengers, or of loading or unloading goods, wares or merchandise.

There was no error in the instruction of the court to the jury as to the meaning of the word "park," as used in the ordinance. This word is in general use, with reference to motor driven vehicles, and means the permitting of such vehicles to remain standing on a public highway or street, while not in use. 42 C. J., 613. C. S., 2621(66).

All the evidence at the trial of this action shows that the defendant parked his automobile on English Street, between College Street and Phillips Street, in violation of a valid ordinance of the city of High Point.

There was no error in the trial of the action. The judgment is affirmed.

No error.