R. W. McNAIR v. DR. KILMER & COMPANY, INC., AND CHARLES E. ROCHFORD.

(Filed 29 April, 1936.)

**Automobiles C a: C e—Evidence held to disclose contributory negligence of plaintiff in attempting to pass defendant's parked car.**

The evidence disclosed that the car owned by the corporate defendant and operated by the individual defendant was parked on the hard surface of the highway, in daylight, that plaintiff turned his car to the left to pass the parked car when he saw another car approaching from the opposite direction, apprehended he could not pass the parked car without hitting the oncoming car, turned back to the right and was unable to stop before hitting the parked car. *Held:* Conceding defendants were negligent in parking the car on the hard surface in violation of C. S., 2621 (66), the evidence discloses contributory negligence of plaintiff as a matter of law in attempting to pass the parked car without first ascertaining that he could pass the car in safety.

APPEAL by defendants from *Moore, Special Judge,* at September Term, 1935, of HALIFAX. Reversed.

This is an action to recover damages for injuries suffered by the plaintiff, both to his person and to his automobile, and caused, as alleged in the complaint, by the negligence of the defendants.

The defendants in their answer denied that the plaintiff's injuries were caused by their negligence, as alleged in the complaint, and in further defense of plaintiff's recovery in this action alleged that the plaintiff by his own negligence contributed to his injuries.

3—210

The jury answered the issues submitted by the court in accordance with the contentions of the plaintiff, and assessed his damages at $587.50.

From judgment that plaintiff recover of the defendants the sum of $587.50, with interest and costs, the defendants appealed to the Supreme Court, assigning as error the refusal of the court to allow their motion at the close of all the evidence for judgment as of nonsuit.

*Dunn & Johnson and E. L. Travis for plaintiff.*
*Allsbrook & Benton for defendants.*

Connor, J. As a witness in his own behalf at the trial of this action, the plaintiff testified as follows:

"On the morning of 12 December, 1934, I left my home in Norfolk, Virginia, in my automobile, intending to drive to Rocky Mount in this State. As I was approaching the town of Enfield, in Halifax County, North Carolina, from the north, at about 12:45 p.m., I passed over the top of a hill and saw, at a distance of about 65 yards ahead of me, an automobile on the highway, headed in the same direction that I was traveling. At first I could not tell whether the automobile was moving or standing still. I was then driving at a speed of about 25 miles per hour. I decided to pass the automobile, and speeded up my automobile. I soon discovered that the automobile was not moving, but was parked on the highway. When I was within about 30 feet of the parked automobile, I turned to my left to pass it. As I did so, I saw an automobile approaching from the south. I realized at once that I could not pass the approaching automobile on the highway in safety. I then turned to my right, and put on my brakes, which were in good condition, but was unable to stop my automobile before I struck the defendants' automobile, which was still parked on the highway ahead of me. As the result of my striking the defendants' parked automobile with my automobile, I suffered injuries both to my person and to my automobile. I attempted to pass defendants' automobile before I saw the automobile approaching from the south."

Conceding that there was evidence at the trial of this action tending to show that the defendant Charles E. Rochford, while driving the automobile owned by the defendant Dr. Kilmer & Company, Inc., in the performance of his duty as its employee, was negligent in parking the automobile on a State Highway in Halifax County, North Carolina, in violation of C. S., 2621 (66), and that such negligence was a proximate cause of plaintiff's injuries, as alleged in the complaint, we are of opinion that all the evidence, including the testimony of the plaintiff, showed that the plaintiff contributed to his injuries by his own negligence in failing to stop his automobile when he discovered that defend-

ants' automobile was parked on the highway ahead of him, and in attempting to pass said parked automobile without first ascertaining that no automobile or other vehicle was approaching from the opposite direction. For this reason, there was error in the refusal of the trial court to allow defendants' motion, at the close of all the evidence, for judgment as of nonsuit. The motion should have been allowed and the action dismissed. The judgment is

Reversed.