JOHN M. STALLINGS, ADMINISTRATOR OF JOHN C. STALLINGS, v. BUCHAN TRANSPORT COMPANY.

and

O. D. STALLINGS, ADMINISTRATOR OF ARMED W. STALLINGS, v. BUCHAN TRANSPORT COMPANY.

(Filed 20 May, 1936.)

**Automobiles C e—Stopping on highway for fraction of minute because of wrecked cars ahead on highway held not parking in violation of statute.**

The evidence disclosed that the driver of a truck with a trailer stopped on the highway at night on the right-hand side, with lights burning, because two automobiles in front of him were interlocked in a wreck, that plaintiff, driving his car in the same direction, became blinded by lights of a car approaching from the opposite direction, drove about a hundred feet while so blinded, and did not see the parked truck until close upon it, when he turned to the left to pass it, saw another car coming toward

him so he could not pass, and turned back to the right and hit the back of the parked truck and trailer, that at the time of the collision the truck and trailer had been standing still only a fraction of a minute, and that it remained parked for about five minutes thereafter. *Held:* At the time of the collision the truck was not parked on the highway within the meaning of C. S., 2621 (66), and the length of time it remained still after the collision is immaterial to plaintiff's right to recover, and defendant's motion to nonsuit was properly granted.

APPEAL by the plaintiffs from *Parker, J.,* at November Term, 1935, of FRANKLIN. Affirmed.

*W. L. Lumpkin and Thos. W. Ruffin for plaintiffs, appellants.*
*Douglass & Douglass for defendant, appellee.*

PER CURIAM. The two cases were consolidated for the purpose of trial.

The picture presented by the record, when the evidence is interpreted most favorably to the plaintiffs, is that on the night of 24 November, 1934, about 8 o'clock, the driver of a truck and trailer of the defendant came upon two cars which had become interlocked in a collision on the highway. The driver stopped the truck on the right-hand side of the highway, within 25 or 30 feet of the two interlocked cars, which were surrounded by several people who were endeavoring to extricate them and clear the highway. Immediately upon stopping, or within a small fraction of a minute thereafter, a Chevrolet car driven by the intestate John C. Stallings and in which the intestate Armed W. Stallings was riding as a guest, ran into the rear of the defendant's trailer, causing the death of both intestates. The road for about 300 feet back of the trailer was practically straight and level. The driver of the Chevrolet was driving about 25 or 30 miles per hour and became blinded by the unusually bright lights of a Ford car coming from the opposite direction, and after being blinded continued to drive on at least 100 feet, to within 15 or 20 feet of the rear of the defendant's trailer, and then, upon first seeing the trailer, attempted to drive to the left around it, but was prevented from so doing by another car approaching from the opposite direction, and turned back to the right and ran into the rear of the trailer, which was properly lighted.

Upon the close of the evidence his Honor entered judgment as of nonsuit in each case, and in this action we see no error.

We do not agree with the appellants that there was sufficient evidence to carry the case to the jury upon the theory that the driver of the truck violated the provisions of C. S., 2621 (66), governing parking on the highway. As was said by this Court, "This word (park) is in general use, with reference to motor-driven vehicles, and means the permitting of

such vehicles to remain standing on a public highway or street, while not in use." *S. v. Carter,* 205 N. C., 761. ". . . . To 'park' means something more than a mere temporary or momentary stoppage on the road for a necessary purpose." 42 C. J., 613. The fact that the trailer, according to some of the evidence, remained still for four or five minutes after it had been struck by the Chevrolet does not alter the legal result. We do not apprehend that it was the intention of those who drafted the statute to make it a violation of law for a driver of a heavy truck and trailer to stop on his right-hand side of the highway before driving around or by two cars interlocked in a collision on the highway, and around which a number of people were working.

While this was indeed an unfortunate tragedy, resulting as it did in the death of two young men of high character and great promise, we concur in the conclusion of his Honor that the record fails to disclose that it was proximately caused by the negligence of the defendant.

Affirmed.