OTIS V. POWERS, ADMINISTRATOR, v. S. STERNBERG & COMPANY ET AL.

(Filed 2 February, 1938.)

**Automobiles §§ 21, 18d: Negligence § 7—Intervening negligence of driver held to preclude recovery for death of guest on contention that defendants were negligent in parking truck on highway.**

This action was instituted to recover for the death of plaintiff's intestate, who was killed while riding as a guest in an automobile. The evidence tended to show that as the driver of the car in which intestate was riding approached a curve he saw on the straightaway from the curve a car standing on one side of the highway and another car in the ditch on the other side of the highway, and a truck parked on the right side of the highway, partly on the hard surface, about 100 feet further on, that he passed the first two cars in safety, that he then saw another car approaching him from the opposite direction, put on his brakes and put his car into second gear in order to avoid hitting the approaching car, causing his car to skid on the ice-covered highway for some distance and hit the parked truck with such force as to knock it five or ten feet up the highway, and killing plaintiff's intestate. The evidence disclosed that the driver of the car had knowledge of the icy condition of the highway. Plaintiff instituted this action against the owner and the driver of the truck, contending that the negligence in parking the truck on the highway was the proximate cause of intestate's death. *Held:* Conceding that there was negligence in parking the truck, the evidence discloses that the active negligence of the driver of the car was the real, efficient cause of the accident, insulating defendants' negligence, and defendants' motions to nonsuit should have been granted.

APPEAL by defendants from *Clement, J.,* at April-May Term, 1937, of HENDERSON.

Civil action to recover damages for plaintiff's intestate's death, alleged to have been caused by the negligence of the defendants.

The record discloses that on the afternoon of 27 November, 1936, about 3 :30 or 4 :00 p.m., plaintiff's intestate met her death while riding as a guest in a Ford coupe with J. H. Bedenbaugh, his wife and plaintiff's intestate's sister. The car was owned and operated by J. H. Bedenbaugh, and all four were sitting on the one seat. They had driven from Greenville, S. C., to Asheville, N. C., on the morning of the same day and were on their return trip, when the fatal accident ·occurred just around a curve south of "Mountain Home" on the Asheville-Hendersonville highway.

The road was slick, with ice and snow on the pavement at nearly all the places where it was shaded by trees, and there was ice on the curve and straightaway leading from the curve to the scene of the fatal injury. 'Twas a clear, cold day, wind blowing, sun shining.

As Bedenbaugh approached the curve he saw a Chevrolet automobile standing on the left ˙shoulder of the road, (2) a Packard car partly turned over in the ditch, on the opposite side, and a little further down, (3) a one-and-one-half-ton Chevrolet truck standing off, slightly on, or considerably on, the right-hand side of the concrete road about 100 feet of where the Packard was in the ditch, and about fifty feet north of an intersecting road. There was also present a number of people, perhaps a dozen, who had gathered about the scene of an accident in which these three motor vehicles were involved.

Bedenbaugh passed between the first two cars in safety, but as he approached the truck he saw a car, driven by Mrs. Henry Fisher, coming in the opposite direction; and in order to avoid a collision with her car, he applied his brakes, threw his car into second gear, which caused it to skid around on the ice sidewise and hit the rear of the truck with such force as to knock it quite a distance, from five to twenty-five feet, demolished his own car, and instantly killed plaintiff's intestate, who was sitting on his right, next to the door.

The evidence is in sharp conflict as to the speed of Bedenbaugh's car. Several witnesses say thirty or thirty-five miles an hour; others put it at fifty or sixty miles. Mr. Renfrow, witness for plaintiff, testified: "I saw the Ford coming; I knew it was slick there, and was afraid he was going to have a wreck." Bedenbaugh testified: "I hit the truck with my car so hard it was knocked from my car 5 or 10 feet up the road. . . . I could have stopped if there had been no ice there. . . . My car skidded 25 or 30 feet after I applied the brakes." Defendants' evidence is that it skidded much farther.

·The truck belonged to S. Sternberg & Company and was being driven by Taft W. Wallis. The Chevrolet and Packard had "sideswiped" each other, and as a result the Chevrolet struck the left front fender and bumper of defendant's truck, mashed them down upon the tire and

incapacitated the vehicle, making it necessary for Wallis to lift them from the wheel, which he did, and then drove his truck 100 feet south to get it off the road. He stopped there, set the hand brake, placed the shift in low gear, and went back to adjust the accident with the drivers of the Chevrolet and Packard cars. They had been in conversation from five to fifteen minutes when the Ford came around the curve. Wallis testifies that he flagged Bedenbaugh, but his signal was ignored. This is denied by Bedenbaugh. There was a liquor bottle in Bedenbaugh's car. He admits having taken a drink early that morning, but says it had no influence upon him. He had liquor on his breath after the accident.

Both defendants demurred to the evidence and moved for judgment of nonsuit. Overruled; exception.

The case was submitted to the jury on the usual issues of negligence, contributory negligence and damages, which resulted in verdict and judgment for plaintiff.

Defendants appeal, assigning errors.

*M. M. Redden and J. E. Shipman for plaintiff, appellee.*
*Smathers & Meekins for defendants, appellants.*

STACY, C. J., after stating the facts: The case is controlled by the decision in *Smith v. Sink,* 211 N. C., 725, 192 S. E., 108, which was rendered after the trial of the present cause in the Superior Court.

Even if it be conceded that defendant's truck was negligently parked on the side of the road, *Smithwick v. Pine Co.,* 200 N. C., 519, 157 S. E., 612; *Pender v. Trucking Co.,* 206 N. C., 266, 173 S. E., 336, which may be doubted on the facts revealed by the record, *Stallings v. Transport Co.,* 210 N. C., 201, 185 S. E., 643, still it would seem that the active negligence of the driver of the Bedenbaugh car was the real, efficient cause of plaintiff's intestate's death. *McNair v. Kilmer Co.,* 210 N. C., 65, 185 S. E., 481; *Beach v. Patton,* 208 N. C., 134, 179 S. E., 446; *Haney v. Lincolnton,* 207 N. C., 282, 176 S. E., 573; *Burke v. Coach Co.,* 198 N. C., 8, 150 S. E., 636; *Hughes v. Luther,* 189 N. C., 841, 128 S. E., 145.

There are a few physical facts which speak louder than some of the witnesses. The force with which the Bedenbaugh car ran into the truck, with its attendant destruction and death, establishes the negligence of the driver of the car as the proximate cause of the injury. *Baker v. R. R.,* 205 N. C., 329, 171 S. E., 342; *Hinnant v. R. R.,* 202 N. C., 489, 163 S. E., 555; *Herman v. R. R.,* 197 N. C., 718, 150 S. E., 361.

Nor is it material whether Wallis flagged Bedenbaugh. Every appearance indicated that he was running into a zone of danger which he

must have seen. *Burke v. Coach Co., supra.* Others saw it, if he did not. Moreover, he was familiar with the icy condition of the road, having passed over it only a few hours before. *Baker v. R. R., supra;* *Haney v. Lincolnton, supra.* He says himself that he could have stopped but for the ice.

The parking of the truck, if a remote cause, was not the proximate cause of the injury. *Craver v. Cotton Mills,* 196 N. C., 330, 145 S. E., 570. The conduct of Wallis would have produced no damage but for the active intervening negligence of Bedenbaugh. This exculpates the defendants. *George v. R. R.,* 207 N. C., 457, 177 S. E., 324; *Holt v. R. R.,* 201 N. C., 638, 161 S. E., 76.

Speaking to the applicable principle in *Kline v. Moyer,* 325 Pa., 357, 191 A., 43, 111 A. L. R., 406, the Pennsylvania Supreme Court formulated the following as a practicable and workable statement of the rule: "Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause. Where, however, the second actor does not become apprised of such danger until his own negligence, added to that of the existing perilous condition, has made the accident inevitable, the negligent acts of the two tort-feasors are contributing causes and proximate factors in the happening of the accident and impose liability upon both of the guilty parties."

Tested by this criterion, it would seem that plaintiff's intestate's death, which was a most unfortunate occurrence, by correct interpretation of the record, is properly attributable to the heedless conduct of the driver of the car in which she was riding. *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761; 22 R. C. L., 132. His was not the "normal response" of a reasonably prudent man to the circumstances as they appeared, but rather the "extraordinarily negligent" act of a careless driver—in the language of the Restatement of Torts, sec. 447.

It is conceded that the instant record, like that of *Quinn v. R. R., post,* 48, presents a border-line case in which the rule is difficult of application. *R. R. v. Kellogg,* 94 U. S., 469.

The motion of defendants for judgment of nonsuit should have been allowed.

Reversed.