MRS. M. B. APPLE v. DUKE POWER COMPANY.

(Filed 16 June, 1939.)

APPEAL by plaintiff from *Hill, Special Judge,* at September Term, 1938, of GUILFORD.

Civil action to recover damages for an alleged negligent injury.

On 17 February, 1938, plaintiff was a passenger on defendant's bus going from Jefferson Square in the city of Greensboro to the village of Pomona. The bus was constructed with a front-door entrance and a middle exit. As plaintiff started to alight upon reaching her destination, her feet slipped on the "slanting . . . slippery and dirty" floor of the bus causing the heels of her shoes to catch on the metal strip around the edge of the exit and to throw her to the bottom step.

Plaintiff testified that she saw the "dirty slick place, which looked worn," before she was hurt, as she got up, when she was standing there. "It was dirty and looked slick, but I did not think it was slick enough to fall on." Other passengers immediately preceded and followed the plaintiff without injury or mishap. The record discloses no other instance of a passenger experiencing similar difficulty on the bus.

There was evidence *pro* and *con* as to whether plaintiff really suffered any injury.

From judgment of nonsuit entered at the close of plaintiff's evidence, she appeals, assigning error.

*George A. Younce and Adam Younce for plaintiff, appellant.*
*W. S. O'B. Robinson, Jr., and R. M. Robinson for defendant, appellee.*

PER CURIAM. We agree with the trial court that while this may be a border-line case, the plaintiff has not successfully handled the laboring oar or fixed the defendant with liability. *Smith v. Bus Co.,* 216 N. C., 22; *Powers v. Sternberg,* 213 N. C., 41, 195 S. E., 88.

The legal requirements in such a case are too well established to require further elaboration here. *Smith v. Bus Co., supra.*

Upon the record, the judgment will be upheld.

Affirmed.

---

## DISPOSITION OF APPEAL FROM THE SUPREME COURT OF NORTH CAROLINA TO THE SUPREME COURT OF THE UNITED STATES

*Belk Bros. Co. v. Maxwell, Comr. of Revenue,* 215 N. C., 10. Petition for *certiorari* denied 5 June, 1939.

---

## AMENDMENT TO RULES 22 AND 26

Amend Rule 22, paragraph 2, line 9, by adding the word "receipted" between the words "provided" and "statement," so as to make the statement read—"provided receipted statement of such costs is given the Clerk of the Court before the case is decided.

Amend Rule 26, paragraph one, line 7, by adding the word "receipted" between the words "provided" and "statement," so as to make the line read—"provided receipted statement of such costs is given the Clerk before the case is decided.

Amend Rule 26 by striking out lines 8, 9, and 10 and inserting in lieu thereof the following: "In pauper appeals the actual cost of preparing typewritten copies of the transcript of appeal and of the brief shall be allowed the appellant, not to exceed twenty-five cents per page and not to exceed sixty pages for transcript and twenty pages for brief."

Approved and adopted at conference, 16 June, 1939.

SEAWELL, J., *For the Court.*