Civil action to recover damages for an alleged negligent injury.
On 17 February, 1938, plaintiff was a passenger on defendant's bus going from Jefferson Square in the city of Greensboro to the village of Pomona. The bus was constructed with a front-door entrance and a middle exit. As plaintiff started to alight upon reaching her destination, her feet slipped on the "slanting . . . slippery and dirty" floor of the bus causing the heels of her shoes to catch on the metal strip around the edge of the exit and to throw her to the bottom step.
Plaintiff testified that she saw the "dirty slick place, which looked worn," before she was hurt, as she got up, when she was standing there. "It was dirty and looked slick, but I did not think it was slick enough to fall on." Other passengers immediately preceded and followed the plaintiff without injury or mishap. The record discloses no other instance of a passenger experiencing similar difficulty on the bus.
There was evidence pro and con as to whether plaintiff really suffered any injury. *Page 800 
From judgment of nonsuit entered at the close of plaintiff's evidence, she appeals, assigning error.
We agree with the trial court that while this may be a border-line case, the plaintiff has not successfully handled the laboring oar or fixed the defendant with liability. Smith v. Bus Co., 216 N.C. 22; Powers v.Sternberg, 213 N.C. 41, 195 S.E. 88.
The legal requirements in such a case are too well established to require further elaboration here. Smith v. Bus Co., supra.
Upon the record, the judgment will be upheld.
Affirmed.