CLARKSON, J., concurring in result.
This is a civil action to recover damages for wrongful death resulting from alleged negligence of defendant. The causes was originally tried in the Forsyth County Court and was heard in the court below on appeal upon assignments of error. *Page 637 
On 21 December, 1938, at about 6:35 a.m., an agent of defendant was operating one of his passenger buses westwardly on Polo Road near Winston-Salem. He stopped the bus at the intersection of a side road to pick up a passenger. At the time the bus stopped it was entirely on the hard surface portion of the highway on its right-hand side. At the time the bus stopped there was an automobile belonging to one Ransome standing on the opposite side of the road headed in the opposite direction with its right-hand wheels approximately in the drain ditch and its left-hand wheels about 4 inches on the pavement — the pavement being 18 or 20 feet wide. The rear bumpers of the bus and of the car were opposite each other. Before the passenger could get aboard and take her seat, one Morris, approaching from the rear of the bus, ran into the bus, struck the car and hit the deceased who was standing in the rear of the Ransome car, inflicting injuries which caused death. The Morris car then proceeded down the road a minimum of 50 yards before it was stopped.
When the cause came on to be tried in the Forsyth County Court the judge, at the conclusion of the evidence for the plaintiff and on motion of the defendant, entered judgment dismissing the action as of nonsuit. The court below, on appeal, affirmed and the plaintiff appealed.
There are only two assignments of error presented for consideration. The first is directed to alleged error of the court below in overruling an exception of the plaintiff to the exclusion of certain evidence. The second is directed to the alleged error of the court in overruling plaintiff's exception to the action of the county court in sustaining the motion for judgment of nonsuit and in entering judgment of nonsuit.
While there was some argument here in respect to the space between the bus and the Ransome car, there is no allegation in the complaint that the defendant was negligent in that it stopped its bus in such manner as to leave an insufficient space between it and the Ransome car to permit other cars to pass. The plaintiff alleges that defendant was negligent in that (1) it parked and stopped the bus on the hard surface portion of the highway in violation of the statutes of this State; (2) it stopped its bus across an intersecting highway for the purpose of taking on a passenger; and (3) it failed to have a rear light on a dark and foggy morning when in the exercise of ordinary care it should have done so.
If it be conceded that it was an act of negligence for the defendant to stop its bus to take on a passenger at the intersection of a side road, such negligence was in nowise related to or productive of the subsequent collision. Morris was not turning or attempting to turn into the side *Page 638 
road. There is no causal relation between such alleged negligence and the collision.
The temporary stop of the bus on the hard surface portion of the highway to take on a passenger did not constitute a violation of sec. 123 (a), ch. 407, Public Laws 1937, which provides that "no person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway."
The clause "whether attended or unattended" limits the meaning of the word "park" as well as of "leave standing." The two terms, as thus limited, are synonymous. A vehicle which is left standing is parked and a vehicle which is parked is left standing. Neither term includes a mere temporary stop for a necessary purpose when there is no intent to break the continuity of the "travel."
"Park" or "leave standing" means something more than a mere temporary or momentary stop on the road for a necessary purpose. S. v. Carter,205 N.C. 761, 172 S.E. 415; Stallings v. Transport Co., 210 N.C. 201,185 S.E. 643, 42 C. J., 614, 2 Blashfield Cyc. Auto L. P., 332, and cases cited; Billingsley v. McCormich Transfer Co., 228 N.W. 424 (N. D.); Axelson v. Jardine, 223 N.W. 32 (N. D.); Dare v. Bass, 224 P. 646; Kastler v. Tures, 210 N.W. 415 (Wis.); Henry v. S.Liebovitz Sons, 167 A. 304 (Pa.); American Co. of Ark. v. Baker,60 S.W.2d 572 (Ark.); Dolfosse v. Oil Co., 230 N.W. 31 (Wis.). Starting and stopping are as much an essential part of travel on a motor vehicle as is "motion." Stopping for different causes, and according to the exigencies of the occasion, is a natural part of the "travel." The right to stop when the occasion demands is incident to the right to travel. Fulton v. Chouteau County Farmers Co.,32 P.2d 1025; Morton v. Mooney, 33 P.2d 262.
The remaining allegation of negligence is as to the failure of the defendant to have a rear light on his bus. The evidence as to this is conflicting, if indeed the evidence of the witness Morris may be deemed to have any probative force. While he testified that he did not see any rear light and that he thought he could have seen it had there been one, he also testified that he did not see the bus until he was within one car length of it and that his "mind was kind of in a blank and all I could do was just go through there and I didn't know hardly what happened — I didn't see anyone when I went through — I don't remember what I did." SeeJohnson Sons v. R. R., 214 N.C. 484, 199 S.E. 704. The only other eyewitness testified that there was a light burning on the rear of the bus and that the inside lights were on. This witness testified — and his testimony is uncontradicted — that when the Morris car hit the bus *Page 639 
all lights on the bus went out. Consequently, testimony of other witnesses, who arrived later, that at that time there were no lights on the bus has no probative force.
In view of this testimony as to rear lights, in the light of all the facts and circumstances, was it error for the court to enter judgment as of nonsuit? We must answer in the negative.
The witness Morris who was operating the car which struck the deceased approached the bus from the rear. His front lights were in good condition. He was traveling at from 30 to 40 miles per hour. He did not see the bus until he was within a car length of it. He cut his car first to the right and then to the left and attempted to go through the space between the bus and the Ransome car. He struck the bus and the Ransome car and hit the deceased who was standing on the shoulder of the road at the rear of the Ransome car and knocked him ten feet. In so doing he did considerable damage to his own car. One fender was pressed back against the front tire, puncturing it, and yet he went a space of from 50 to 68 yards before he was able to stop his car. His manner of approach was such that the other eyewitness apprehended that an accident would occur and he took to the bank and got behind a telephone pole. Morris did not testify that the headlights on the Ransome car in anywise interfered with his vision. Nor did he say that the headlights on his car would not enable him to see the bus had he been looking before he got within a car length thereof.
To hold that the defendant owed the duty to the plaintiff's intestate to foresee that a third person would operate a car in such manner and to bring about a collision such as is delineated on this record would not only "practically stretch foresight into omniscience," Gant v. Gant,197 N.C. 164, 148 S.E. 134; Beach v. Patton, 208 N.C. 134,179 S.E. 146, but would, in effect, require the anticipation of "whatsoever shall come to pass." "We apprehend that the legal principles by which individuals are held liable for their negligent acts impose no such farseeing and all-inclusive duty." Beach v.Patton, supra.
We conclude that the facts in this case bring it squarely within the opinions of this Court in Smith v. Sink, 211 N.C. 725, 192 S.E. 108;Beach v. Patton, supra, and Powers v. Sternberg, 213 N.C. 41,195 S.E. 88. The latter case is particularly in point.
The cases cited and relied upon by plaintiff, represented by Montgomeryv. Blades, 218 N.C. 680, 12 S.E.2d 217; Page v. McLamb, 215 N.C. 789,3 S.E.2d 275; and Clarke v. Martin, 215 N.C. 405,2 S.E.2d 10, are factually distinguishable.
Plaintiff offered testimony tending to show that after the accident the defendant went to the home of the deceased and was there talking to other persons in the room in the hearing of the mother of the deceased and that he then said: "He was going to put on a better bus — he said *Page 640 
he would pay for the damage he done and he was going to put a better bus on that line and went on to tell how he was going to run it. I can't tell just all what." The plaintiff contends that this evidence tends to show an admission of liability by the defendant and that its exclusion was erroneous. We cannot so hold.
In the first place the statement was not made to the deceased or to anyone standing in a representative capacity. It was made generally in the presence of and to others who were at the same time visiting at the home of the deceased who was then in a critical condition by reason of his injuries. Secondly, the statement is not an admission of liability or of negligent conduct. The defendant merely said he was willing to pay for whatever damage he had done. The record fails to disclose that he is not still willing so to do, if and when it shall be determined that he is responsible for any damage or injury.
The court below properly overruled the exceptions of the plaintiff duly entered at the trial in the Forsyth County Court.
Affirmed.