DEVIN and SEAWELL, JJ., dissent.
CLARKSON, J., dissenting.
Civil action instituted by N. P. McDuffie to recover damages for personal injuries resulting from an automobile collision and civil action instituted by C. H. Leary, Administrator, for the wrongful death of his *Page 746 
intestate resulting from the same accident. At the time of the trial the two actions were consolidated for trial by order of the judge.
On the night of 14 October, 1938, plaintiff McDuffie and his father-in-law, C. B. Cooper, plaintiff Leary's intestate, left Columbia, North Carolina, to visit friends at Creswell. They left on the return trip about 10 p.m., entering the highway about 200 yards behind defendant's bus. McDuffie, who was driving, followed the bus for 5 or 6 miles, driving at a speed of about 40 miles per hour. Upon reaching a straight stretch of road McDuffie cut his automobile to the left for the purpose of passing the bus. He saw a car approaching from the opposite direction. Thereupon he cut his car back to the right and collided with the rear end of defendant's bus. At the time, the bus was in the act of stopping or had stopped for the purpose of permitting a passenger to alight. As a result of the collision Cooper was killed and McDuffie received certain personal injuries and his automobile was damaged.
Plaintiffs allege that the defendant was negligent in that: (1) it permitted its bus to be operated by an unskilled and incompetent driver; (2) it failed to have installed on its bus a proper rear view mirror or other like device; (3) its driver operated its bus without keeping a proper lookout or exercising due care to ascertain the proximity of automobiles approaching from the rear; (4) it failed to denote its intention to stop said bus upon said highway by giving proper hand and arm or adequate mechanical signal; and (5) it permitted its bus to be parked or left standing upon the paved or improved or main traveled portion of the highway when it was practicable to park the same off of the said portion of said highway.
When the cause came on to be tried appropriate issues were submitted to and answered by the jury in favor of the plaintiffs. From judgment thereon defendant appealed.
One of the primary allegations of negligence is that the defendant parked or left its bus standing upon the paved or improved or main traveled portion of the highway in violation of sec. 123 (a), ch. 407, Public laws 1937. The evidence in respect thereto tended to show that the driver of the defendant's bus was in the act of stopping or had stopped the bus on the improved or paved portion of the highway for the purpose of permitting a passenger to alight, and that the shoulder of the road was of sufficient width to permit the driver to drive off of the hard surface before stopping. The only conflict in *Page 747 
the evidence in this particular was as to whether the bus had actually stopped, the evidence of the plaintiff tending to show that it had stopped, and that it did so suddenly.
On this aspect of the case the court charged as follows: "Plaintiff contends that defendant parked its bus on the paved portion of the highway where it had no scheduled stop. There is a section of the statute which covers that also, sec. 2621 (308):" It then read to the jury sec. 123 (a), ch. 407, Public Laws 1937, which is Michie's Code of 1939, sec. 2621 (308). It then stated plaintiff's contentions in respect thereto including the statement: "Plaintiffs contend that defendant parked its bus on the paved portion of the highway. That is one of the elements plaintiffs are depending upon in each of the cases as to negligence." It then stated plaintiffs' contentions on this allegation and charged further: "There is some debate as to what is meant by parking on a highway upon the paved or improved or main traveled portion of any highway outside a business district.
"If you find from the evidence and by its greater weight in this case that the defendant, through its driver, did stop its bus, all of the same being on the paved portion of the highway, and that at the same time there was space enough on the shoulder or entrance to a road right at this point that it was practicable to park in and not park on the paved portion of the highway, and that a reasonably prudent man, as I have defined that term for you, would not have stopped on the highway, that is, the paved portion, but would have pulled onto the shoulder or the part of the road adjoining the pavement, which according to plaintiff's contention was 10 or 11 feet wide, then that, under the law, would amount to negligence, as the court conceives it to be." This was followed by an instruction that "the violation of a statute designed for the safety of people (other than the section related to speed) using roads and highways of this State, the violation of such statute is negligence per se."
It clearly appears from the evidence offered and the quoted portion of the charge that the court below conceived it to be a violation of sec. 123 (a) of the 1937 Act if the defendant stopped its bus on the paved portion of the highway, under the circumstances outlined, for the purpose of permitting a passenger to alight. That is, the court held, in effect, that "park" and "leave standing" are synonymous with "stop."
The defendant's exceptive assignments of error challenging the correctness of the quoted excerpts from the charge present this question: Is the stopping of a motor vehicle upon the paved or improved or main traveled portion of a highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway, when such stopping is for the purpose of permitting a passenger to alight, a *Page 748 
violation of section 123, ch. 407, Public Laws 1937, constituting negligence per se? The answer is no.
This question was discussed and decided in Peoples v. Fulk, ante, 635. Supplementing what was there said we may add that the temporary stopping of an automobile on the proper side of the highway for a necessary purpose is not unlawful. S. v. Carter, 205 N.C. 761, 172 S.E. 415; Stallings v.Transport Co., 210 N.C. 201, 185 S.E. 643; 42 C. J., 614; 2 Blashfield Cyc. Auto L. P., 332, and cases cited; Billingsley v. McCormich TransferCo., 228 N.W. 424 (N. D.); Alexon v. Jardine, 223 N.W. 32 (N. D.); Darev. Bass, 224 P. 646. Accordingly, it has been held that the stopping of a service truck on the highway to hitch on to a wrecked car, Kastler v.Toures, 210 N.W. 415 (Wis.), or to detach a tow chain, Henry v. Liebovitz Sons, 167 A. 304 (Pa.), reasonable backward or forward movement of a vehicle engaged in ordinary use of the highway, with allowance of time required in changing direction, Henry v. Liebovitz Sons, supra, stopping momentarily to permit a person to board the vehicle, Peoples v. Fulk,supra, American Co. of Arkansas v. Baker, 60 S.W.2d 572 (Ark.), or stopping to make a delivery, where there is ample room to pass, Delfosse v.Oil Co., 230 N.W. 31 (Wis.), does not constitute a violation of statutes such as the one under consideration. See also 2 Blashfield, supra, 332-33.
In many instances such temporary stops are required by statute (ch. 407, Public Laws 1937, sections 105, 117, 119, 120, 128, and 134) and to hold otherwise would mean that a motorist who stops at a through street or to permit a pedestrian to pass in safety or for traffic to clear before making a left-hand turn or to yield the right of way to a train at a railroad crossing or to permit a passenger to get on or to alight from the vehicle must first drive off of the hard surface on to the shoulder of the road. The language used in the statute is not such as to justify this conclusion.
The charge of the court on this aspect of the case dealt with one of the plaintiffs' primary allegations of negligence. Defendant admitted its bus was stopped with all four wheels on the pavement to permit a passenger to alight. The court instructed the jury that this was an act of negligenceper se. Such charge was erroneous and prejudicial.
On the question of contributory negligence of plaintiff McDuffie seeMcNair v. Kilmer Co., 210 N.C. 65, 185 S.E. 481; Hughes v. Luther,189 N.C. 841, 128 S.E. 145.
As the questions presented by the other exceptive assignments of error may not again arise we refrain from discussion thereof.
New trial.
DEVIN and SEAWELL, JJ., dissent. *Page 749