### C. H. BRICKHOUSE v. TOWN OF COLUMBIA.

(Filed 24 February, 1943.)

**1. Municipal Corporations § 14—**

The failure of a municipality to light a street sign, which was already illuminated so as to be clearly visible, cannot be held for actionable negligence.

**2. Negligence § 19a—**

All of the evidence showing that plaintiff, a guest passenger, was injured when the automobile in which he was riding collided with a "dummy policeman" parking sign, in the center of a brilliantly lighted intersection of two city streets, defendant's motion of nonsuit was properly allowed.

APPEAL by plaintiff from *Hamilton, Special Judge,* at October Term, 1942, of TYRRELL. Affirmed.

Civil action to recover damages for personal injuries.

On the night of 29 December, 1939, while riding as a passenger on the front seat of an automobile operated by N. A. Hopkins, the plaintiff, in a collision between said car and a parking sign placed and maintained by the defendant at the intersection of Main and Broad Streets in the defendant town, received certain personal injuries.

In the southwest corner of the intersection there is an Esso filling station and in the northwest corner a Texaco filling station. The northeast corner is occupied by an office building and residences. The parking sign, which was on the center line, was approximately five feet high and consisted of a round iron or cement base 19 inches in diameter and about 1 inch thick. An iron pipe or shaft 1 to 1½ inches in thickness extended upward from the base, upon which rested the sign proper, a round or oval plate approximately 24 inches in diameter and ⅛ of an inch in thickness upon which was printed in 2½ x 2 inch letters, the words "Park To the Right." The over-all height of the sign was 60 inches. The base and shaft of the marker were of a dark color while the face of the sign proper was white with black lettering.

The collision occurred about 6 :30 p.m. just after plaintiff and Hopkins started home from a point on West Main Street. At the time of the accident the car was being operated at from 12 to 15 miles per hour. A 250 watt street light was burning and the Esso and Texaco filling stations were brightly lighted. There was no light on the parking sign. There was a mist, and the windshield wiper on the driver's side was operating. The one on the passenger's side was not working.

The marker was provided to direct parking on Main Street and the printed sign faced Main Street. One witness for plaintiff testified that at 5 :30 it was facing Broad Street. All witnesses who testified in respect thereto at the time of the accident stated that it was facing Main Street at that time.

Hopkins drove his automobile into and over the sign, veered to the right and struck a car parked at the curb 25 or 30 feet away. Both his car and the parked car were damaged to a considerable extent.

The foregoing is a summary of the evidence for the plaintiff. The evidence for the defendant, in many respects, is more favorable to it.

At the conclusion of all the evidence the defendant renewed its motion to dismiss as of nonsuit first made at the conclusion of the evidence for the plaintiff. The motion was sustained and judgment was entered accordingly. Plaintiff excepted and appealed.

*McMullan & McMullan for plaintiff, appellant.*
*W. L. Whitley for defendant, appellee.*

BARNHILL, J. A consideration of the evidence appearing on this record, viewed in the light most favorable to the plaintiff, leads us to the conclusion that judgment of nonsuit was properly entered.

The only allegation of negligence contained in the complaint is in the following language :

"That the defendant was negligent in that . . . a heavy, iron object of the type commonly referred to as a dummy policeman was wrongfully, carelessly and negligently placed in the center of said intersection (Broad and Main) without lights or other means by which passing motorists could identify and avoid this obstruction to traffic, and in that the defendant wrongfully, carelessly and negligently permitted said obstruction to remain in said condition and position for a period of approximately two weeks though well knowing, or in the exercise of ordinary care and diligence they should have known that such sign and obstruction in its continuous unlighted condition was a menace to motorists passing along this main artery of traffic."

The rights of plaintiff and the liability of the defendant under this allegation of negligence are to be determined from the facts as they existed at the time of the accident. That the sign was or was not at the time adequately lighted—not how or by whom—is the material fact. If it was clearly visible to a motorist using Main Street at night, the collision must be attributed solely to the negligence of the driver as the proximate cause thereof. The failure of the city to light a sign which was already illuminated so as to be clearly visible cannot be held for actionable negligence.

All the evidence tends to show that the intersection and sign were lighted by a 250 watt street light and by electric lights at the Esso and Texaco stations, totaling several thousand candle power. "The dummy policeman" was "lit up pretty fair. You could see the marker a pretty good ways." The intersection was "brilliantly lighted." "It (the marker) was standing in a brilliantly lighted section at night." So the witnesses for plaintiff testified.

It is true that Hopkins testified that he did not and could not see it although he was keeping a lookout. Even so, it was there to be seen but he would not see. *Powers v. Sternberg,* 213 N. C., 41, 195 S. E., 88. At least plaintiff has failed to produce evidence tending to show that any act or omission of the defendant caused him to fail to see.

The plaintiff suggests that a car approaching the intersection at right angles on Broad Street caused Hopkins to veer to the left and strike the sign. Conceded, *arguendo,* this fact does not tend to show defendant maintained an unguarded and unlighted obstruction in its streets or that it failed to keep its streets in a reasonably safe condition.

The judgment below is

Affirmed.