[No. 23204.   Department Two.   December 11, 1931.]

H. P. GRUBBS *et al., Respondents,* v. STACEY E. GRAYSON *et al., Appellants.*[1]

*Shank, Belt, Fairbrook & Rode,* for appellants.

*Eugene F. Hooper, William A. Herren,* and *Ned Roney,* for respondents.

[1]Reported in 5 P. (2d) 1033.

MAIN, J.—The complaint in this case states two causes of action, the first for damages to an automobile, and the second for personal injuries. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiffs upon the first cause of action in the sum of $126.40, and on the second in the sum of $2,000. Motions for judgment notwithstanding the verdict and, in the alternative, for new trial being made and overruled, judgment was entered upon the verdict, from which the defendants appeal.

The accident out of which the litigation arose happened on the Pacific highway, between Seattle and Tacoma, December 31, 1929, at about the hour of seven o'clock p. m. The highway is double paved, with a four-foot strip of gravel between the two strips of pavement, each of which is twenty feet wide. To the west of the west pavement there is a dirt or a gravel shoulder, approximately five or six feet in width, and a similar shoulder to the east of the east pavement. The north-bound traffic moves on the east pavement and the south-bound on the west.

On the date above mentioned, at about six o'clock p. m., Alice Grubbs, who will be referred to as though she were the only party respondent, and a lady friend left Seattle in a light six Studebaker automobile, intending to go to the city of Tacoma, where they resided. When four or five miles from Tacoma, the respondent noticed that the left front tire of her automobile was flat. She pulled off of the pavement, got out of the automobile to see its condition, and, it still containing air, she returned to the automobile and proceeded on the highway.

After going about a mile, and desiring to see whether the flat tire was holding on the rim, she pulled the

automobile to the right with the right wheels thereof resting on the gravel shoulder and the left wheels about a foot over on the west edge of the west pavement. She looked at the front tire and at the other tires upon the car, and observed that the taillight was burning. She got back in the car, swung open the left-hand door as a signal, placed the car in low gear and started to move forward slowly. At this time the Studebaker automobile was struck in the rear by an automobile owned by the appellants and driven by Stacey E. Grayson, who will be referred to as though he were the only party appellant. The Studebaker automobile, as the result of the blow, crossed the highway to the opposite side, the automobile was seriously damaged, and the respondent sustained the injuries for which recovery is sought in this action.

The night was dark and cloudy, but it was not raining at the time. It had rained during the day, but the rain had ceased falling about five o'clock p. m. The respondent and the lady who was riding with her say that the pavement was not particularly wet, and the appellant and a witness testifying for him say that it was.

Just before the accident, another car, proceeding in the same direction, turned to the left to pass appellant. The appellant testified that he did not see the red taillight, and if it had been burning, he would have seen it. He first observed the Studebaker car when he was fifty or sixty feet back of it, applied his brakes, but was unable to stop within that distance. The car which was passing him, according to the testimony of the driver of that car, was stopped within a distance of forty feet. The appellant was traveling at a speed of from thirty-five to forty miles per hour, and the car which was passing him was going a little faster.

■ The first question is whether the evidence was sufficient to take the case to the jury on the question of the appellant's negligence. If the red taillight was burning, as the respondent testified, and he did not observe it in time to make the stop, the question of his negligence was plainly one for the jury. *Davis v. North Coast Transportation Co.,* 160 Wash. 576, 295 Pac. 921; *Ritter v. Johnson,* 163 Wash. 153, 300 Pac. 518. On the other hand, if the red taillight was not burning, the question was nevertheless one for the jury. In *Morehouse v. Everett,* 141 Wash. 399, 252 Pac. 157, 58 A. L. R. 1482, it is said:

"We believe that, generally speaking, where the statutes or the decisions of the courts require red lights as a warning of danger on any object in the highway and such lights are not present, it is a question for the jury to determine whether the driver at night should have seen the obstruction, notwithstanding the absence of red lights."

The facts in this case bring it within that rule because it cannot be said, as a matter of law, that the appellant was free from negligence in colliding with the respondent's automobile, even though the taillight was not burning. Whether he was driving in a careful and prudent manner, at a speed no greater than was reasonable and proper under the conditions then existing, and keeping a proper look-out, were questions of fact and not of law.

■ The next question is whether the respondent was guilty of contributory negligence as a matter of law. Section 6347, Rem. 1927 Sup., provides that it shall be unlawful for any person to leave any vehicle standing upon the main traveled portion of any highway of this state outside of any incorporated city or town, but that this provision "shall not apply to any

vehicle so disabled as to prohibit the moving of the same. . . . '' Section 6362-47 provides that no person shall park, or leave standing, any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any public highway ''when it is practicable to park or leave such vehicle standing off of the road or improved or main traveled portion of such highway.''

These statutory provisions must be given a reasonable construction. The statutes are not violated if there is a proper excuse or a necessity for stopping an automobile upon the highway, and a reasonable effort is made to get it entirely off the traveled portion of the road or as nearly so as circumstances will permit. *Colvin v. Auto Interurban Co.*, 132 Wash. 591, 232 Pac. 365; *Davis v. North Coast Transportation Co.*, 160 Wash. 576, 295 Pac. 921.

The respondent testified that the reason that she did not move the automobile entirely off the highway was that the gravel shoulder was soft and wet, and that she did get over as far as she deemed it safe to do so. It cannot be said, as a matter of law, that the respondent was guilty of contributory negligence in not getting all four wheels off of the pavement when she stopped.

There is some contention that it was contributory negligence for the respondent to drive the automobile along the highway with a flat tire, and that it was her duty, as a matter of law, after the tire became flat, to get entirely off of the highway as soon as she reached a place where the dirt shoulder was of sufficient width. But with this contention we cannot agree. The respondent testified that she was intending to stop at the first service station she reached to have the tire changed. To hold that one who drives an automobile along the highway with a flat tire is guilty of negli-

gence as a matter of law, would be to announce an extreme doctrine, and one not founded upon any substantial basis of reason. It cannot be said that a person of ordinary prudence would not, under any circumstances, drive an automobile along the highway with one flat tire until a point could be reached where the tire could be changed.

The cases of *Martin v. Puget Sound Electric Railway,* 136 Wash. 663, 241 Pac. 360, and *Keller v. Breneman,* 153 Wash. 208, 279 Pac. 588, 67 A. L. R. 92, are each upon different facts. In one, the driver of the vehicle went upon the highway without a sufficient supply of gas to prevent his stalling, and he was held not to have exercised reasonable care. In the other, it was held that the driver of a truck was guilty of contributory negligence in continuing along the highway after the lights of the truck went out when he had had previous knowledge of that fact and an opportunity to have had the lights repaired.

The next question is whether the trial court erred in rejecting one item of evidence. The appellant sought to inquire of the respondent and her witness whether there were any places along the road, between the point where the car was first stopped and the point where the accident happened, where the car could have been driven completely off of the road. But we find no error of the trial court in the ruling here complained of. What has already been said, we think, sufficiently covers this question.

The next question is whether there was any error in the instructions given or in rejecting requested instructions. Much of the complaint against the instructions has been covered by what has been hereinbefore said and need not be here repeated. Particular objection is made to instruction No. 7. This instruction is almost word for word in the language of the

554

opinion in the case of *Colvin v. Auto Interurban Co.*, 132 Wash. 591, 232 Pac. 365, where the facts were similar and the giving of it was not error.

The judgment will be affirmed.

TOLMAN, C. J., HOLCOMB, BEALS, and MILLARD, JJ., concur.