JAMES W. ELWOOD, APPELLANT, v. PEARL F. SCHLANK
ET AL., APPELLEES.

FILED FEBRUARY 21, 1934. No. 28767.

*Kennedy, Holland & De Lacy* and *Charles Matson,* for appellant.

*Crofoot, Fraser, Connolly & Stryker,* contra.

Heard before Goss, C. J., Rose and Paine, JJ., and Chase and Eldred, District Judges.

Chase, District Judge.

This is an action to recover damages for personal injuries growing out of the alleged negligent operation of the automobiles operated by the plaintiff and the defendant Jacob Schlank.

The plaintiff for his cause of action alleges that about 10 o'clock on the night of April 2, 1931, he was driving his automobile eastward on the paved highway near the village of Waverly in Lancaster county, Nebraska; that, while so driving at a reasonable rate of speed, the defendant Jacob Schlank, who was driving his automobile westward at or near the same point, suddenly turned his car to the left to pass a truck that was going in the same direction immediately ahead of this defendant, and while passing the truck, defendant drove his car to the left, crossing the black line in the middle of the pavement, into the plaintiff's proper lane of travel, and while in that location, the defendants' car collided with the car of the plaintiff. The defendant Jacob Schlank answered denying the allegations of negligence in plaintiff's petition, and by way of cross-petition alleged that he was driving his automobile traveling westward at the point set forth in plaintiff's petition at a careful and lawful rate of speed, traveling on the right side of the center line of the pavement; that he at the point in question approached a large truck proceeding in the same direction; that while he was driving close to the rear of the truck, it suddenly turned to the right and proceeded partly onto the right shoulder of the highway, as he thought to avoid being hit by the automobile being driven by the plaintiff, which at that time was being driven at a high rate of speed in excess of 50 miles an hour; that the plaintiff at this point was driving his automobile on the wrong side of the paved highway; that while operating his automobile in such a position, his car collided with

the car driven by the defendant Jacob Schlank. The defendant Pearl F. Schlank also answered by way of cross-petition alleging that she was the owner of the automobile driven by her husband Jacob Schlank, and because of plaintiff's negligence her automobile was damaged. Both defendants prayed judgment against plaintiff on the cross-petitions.

The cause was submitted to the jury upon the issues of fact presented by plaintiff's petition and the answers and cross-petitions of the defendants, and a verdict was returned against the plaintiff upon his petition and in favor of both defendants on their cross-petitions. From the overruling of a motion for new trial, the rendition of a judgment upon the verdict, the plaintiff has appealed to this court.

The appellant bases his appeal upon two assignments of error: First, that the evidence is insufficient to support a verdict; and, second, the court erred in failing to submit to the jury the question of contributory and comparative negligence.

An analysis of the first proposition necessarily involves a careful consideration of the evidence as shown by the record. It appears that at this point the highway is paved with a concrete slab approximately 24 feet in width. There is practically no dispute as to the physical facts as they appeared immediately following the collision of the two automobiles. All of the witnesses agree that neither car was turned over; that the plaintiff's automobile was found with the right front wheel and fender across the ditch and up against the bank on the south side of the road considerably off the pavement angling somewhat to the southeast, the left front wheel being down off the shoulder of the grade with the left hind wheel resting upon the shoulder of the grade a short distance off the pavement. The defendants' car stopped three or four feet immediately north of plaintiff's car angling from northeast to southwest; that both cars had the left front wheel, fender and front corner badly

crushed; that the truck driver stopped his truck between 75 and 100 feet to the west of where the cars stopped and on the north side of the pavement with the right front wheels on the shoulder of the grade. The plaintiff testifies that he was driving eastward, and when the front end of his car approached to a point within 20 or 25 feet of the front end of the truck, a car shot out from behind the truck very fast and was on him in a second; that the plaintiff decided to take the ditch and pulled his car sharply to the right off the pavement, and while the right wheel was down at the ditch the defendants' car struck the car of plaintiff; that in so doing the defendants had driven their automobile across the pavement to the extreme south side thereof, and while at that point the collision occurred; and that the truck was then just opposite or directly north of the cars when they collided. He also testifies that immediately following the accident, just after the defendant Jacob Schlank had emerged from his car, he had a conversation with him; that he was reluctant to talk, but finally did speak and told plaintiff that he lived at Albion, Nebraska; that he was driving 40 or 45 miles an hour and that he suddenly came up behind the truck which was without rear signal lights and was so close to him that he had to swing out and go around in order to avoid a collision with the truck, and that while he was swinging around the truck his car collided with plaintiff's car.

An adjuster for an indemnity company testified that he investigated the facts concerning the case under the erroneous belief that his company had compensation insurance upon the defendant Jacob Schlank; that while making an investigation he took a written statement from him, and in this statement (which was offered in evidence) he stated that he suddenly discovered a truck in front of him without lights, moving in the same direction, and in order to avoid a collision with the truck, "I swung to the left and was going to pass around this truck when I discovered a car coming from the opposite direction and

before I could get in the clear I collided with a car driven by Doc Elwood."

Dr. Alexander Young, Schlank's attending physician, who also made a report for the Royal Indemnity Company, wrote out a statement and testified that according to his best recollection he received the information either from Mr. or Mrs. Schlank, he was not sure which, in which it was stated that the accident occurred from a head-on collision of automobiles as the patient (Jacob Schlank) was attempting to pass a truck going in the same direction, speed 40 to 45 miles an hour.

The defendant Jacob Schlank denies that he had the conversation detailed by plaintiff immediately following the accident; also his mind is somewhat hazy as to whether he made the statement to the insurance adjuster as stated in his report, and finally claims that it was not his language but that of the adjuster, and he has no recollection of making such a statement; that he made no such statement as recorded by the adjuster.

As we have before observed, the witnesses practically all agree that immediately following the collision both cars stopped on the right-hand side of the paved highway, plaintiff's car a short distance off the pavement and defendants' car to the north of it on the pavement very close to the south line of the paved slab. It seems to us these undisputed physical facts ought to be regarded as controlling in establishing how the accident occurred. Giving due consideration to the immutable laws of force and motion, we must conclude that the accident could not possibly have occurred as claimed by the defendant Jacob Schlank. Had the plaintiff been driving eastward on the north side of the painted line describing the middle of the paved slab of the highway at the rate of speed claimed by the defendants, and while in that position the plaintiff's car was driven against the car of the defendants, the force of the plaintiff's car would have either stopped the defendants' car in that position or forced the defendants' car toward the edge of the pavement on the north side

of the highway. In other words, it appears to us that it would be an impossibility for the plaintiff's car to have been in the ditch on the south side of the highway had the collision occurred north of the middle line of the pavement as the defendants describe it. However, the physical facts do not stand altogether uncorroborated. We find both the insurance adjuster and Doctor Young, who are each disinterested and thus could have no motive to tell an untruth, testifying that they wrote down a description of this accident as given them by the defendant Jacob Schlank that the accident occurred substantially as detailed by plaintiff. We cannot believe that either the insurance adjuster or Doctor Young, neither of whom appear to have known anything about the accident except what someone told them, had created these statements out of their own imagination. We are not unmindful that this court on many occasions has announced that it will not disturb the verdict of a jury based merely upon conflicting evidence; and in considering that question the truth or falsity of the testimony becomes immaterial. This verdict, however, is assailed for the reason that the record discloses that there is not sufficient evidence to support it. In an investigation of that character it becomes the duty of the appellate court to analyze the testimony of the witnesses and the physical facts in connection therewith. Thus, in disposing of such a contention the truth or falsity of the testimony then becomes a very proper subject of investigation. Another rule is well established in this state, and that is, where the verdict of the jury is opposed to the undisputed physical facts shown to exist, this court will set the verdict aside. *Dodds v. Omaha & C. B. Street R. Co.*, 104 Neb. 692; *Oliver v. Union P. R. Co.*, 105 Neb. 243; *Calnon v. Fidelity Phenix Fire Ins. Co.*, 114 Neb. 53. We find nowhere in the record where the trial court was given an opportunity to instruct the jury to return a verdict in favor of the plaintiff on defendants' cross-petitions. Had counsel for plaintiff given the trial court an opportunity to have passed upon

the sufficiency of the evidence to support a verdict in favor of the defendants on their cross-petitions, in all probability such a motion would have been sustained.

Since the verdict must be set aside for insufficiency of evidence to support it, it becomes unnecessary to discuss the other contention that the trial court upon its own motion should have submitted the question of contributory and comparative negligence to the jury.

For reasons heretofore stated, the judgment is reversed and the cause remanded.

REVERSED.