R AND S CORPORATION, DOING BUSINESS AS BRIGGS CLOTHING, APPELLANT, v. HARVEL BARNES, DOING BUSINESS AS TURF BAR, APPELLEE.

155 N. W. 2d 379

Filed December 29, 1967. No. 36650.

Sodoro & Meares, for appellant.

White, Lipp, Simon & Powers, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, MCCOWN, and NEWTON, JJ.

NEWTON, J.

This is a negligence action brought by plaintiff to recover for smoke damage occurring in its men's clothing store as the result of a fire in an adjoining building in which defendant operated a tavern. At the conclusion of plaintiff's evidence, defendant's motion for directed verdict was sustained and a verdict found for defendant. The substance of plaintiff's assignments of error is that the evidence was sufficient to sustain a verdict for plaintiff and the court erred in directing a verdict for defendant.

Plaintiff's theory of the case may be gathered from the following statement contained in the petition: "That on or about the 29th day of March, 1964 the aforesaid Glenn O. Thomas was employed immediately prior to the hour of midnight in the sweeping, cleaning and prepara-

tion for closing of the aforesaid Turf Bar, and that while in the performance of the said duties for the named defendant herein, Glenn O. Thomas negligently and carelessly threw ignited cigarettes, cigars, or both, into a plastic waste container containing paper and other flammable materials; that said plastic container was located beneath a sink and immediately beneath said sink. and that said waste container was used as a receptacle for ash tray waste, floor sweepings and cigarette and cigar butts." William McMullen, a district fire chief, who was in attendance on the night of the fire and who subsequently examined the premises, stated that the fire occurred in defendant's tavern at a point about three-quarters of the way down the bar towards the back of the tavern at which point he found the remains of a plastic wastebasket and burned electrical wiring. He also ascertained that there was smoke in plaintiff's mercantile establishment. One Glen Thomas, employed by defendant as a bartender, was also called by plaintiff. His evidence indicates that he closed the tavern about 10:30 p.m. on the night of the fire, swept up the floor, locked the door, and left for the night. When he swept up, he emptied all ashtrays, swept from the back towards the front door, swept the sweepings into a pile, picked them up, and deposited them in a large plastic wastebasket about 6 feet from the end of the bar nearest to the front door. About an inch of water was kept in this plastic basket and that after sweeping up, he poured an additional three beer bottles full of water on the sweepings. The second plastic wastebasket in the vicinity of which the fire occurred was, as heretofore mentioned, about three-quarters of the way down the bar towards the back. No fire occurred in the vicinity of the basket where the sweepings were placed. This witness further testified in regard to use of the wastebasket farthest back where the fire occurred as follows: "Q. Did you have to put anything in that? A. Never used that one at all. I always used the front

one." Plaintiff sought to impeach this testimony by questioning him with reference to a prior statement which the witness does not deny having made. On this prior occasion, when informed that the fire department "said a cigarette was swept up in there," the witness answered as follows: " 'That is about the only way it could have been. I think I swept it up. I didn't notice. I doused it with water. It never entered my mind, but I do now.' " The statement scarcely serves the purpose of impeachment, but is simply an admission in the nature of a conclusion that he could possibly have swept up a lighted cigarette, but if so, he still maintained that he doused it with water.

The foregoing is the substance of the evidence upon which plaintiff must rely for recovery. It will be noted that there is no direct evidence of how the fire started. Plaintiff maintains that there is a reasonable inference that it started from a lighted cigarette thrown into the rear wastebasket; yet such inference directly contradicts the direct evidence elicited from Glen Thomas who stated that he had not used the rear wastebasket in the vicinity of which the fire started. In regard to the fire, the only known and proved fact is that a fire did occur in the immediate vicinity of the rear wastebasket. There is no evidence to show that this basket was used for the purpose of receiving ashtray contents or floor sweepings nor is there any evidence to contradict the possibility of the fire having been started by defective electrical wiring. To sustain plaintiff's case, not one, but several inferences must be drawn—first, that the fire originated in the wastebasket; second, that the rear wastebasket was used as a receptacle for the contents of ashtrays or floor sweepings; third, that an ignited cigarette was dropped in the basket; and fourth, that the fire was started by such ignited cigarette.

"Presumptions and inferences may be drawn only from facts established, and presumption may not rest on presumption or inference on inference." Stump

v. Stransky, 168 Neb. 414, 95 N. W. 2d 691. See, also, 31A C. J. S., Evidence, § 116 b, p. 202. "Negligence is a question of fact and may be proved by circumstantial evidence and physical facts. However the law requires that the facts and circumstances proved, together with the inferences that may properly be drawn therefrom, indicates with reasonable certainty the negligent act charged." Stevens v. Shaw, 179 Neb. 34, 136 N. W. 2d 169.

In view of the foregoing, we are disposed to and do find that the evidence of negligence on the part of defendant is too conjectural and speculative to require a reversal of this case. The judgment of the trial court dismissing plaintiff's cause of action pursuant to a directed verdict is affirmed.

AFFIRMED.