LEONARD J. MEYER, ADMINISTRATOR, ESTATE OF IVAN A. MEYER, DECEASED, APPELLANT, v. ROY W. LANG, APPELLEE. CONSOLIDATED IN DISTRICT COURT WITH ROY W. LANG, APPELLEE, v. LEONARD J. MEYER, ADMINISTRATOR, ESTATE OF IVAN A. MEYER, DECEASED, APPELLANT.

188 N.W. 2d 692

Filed July 9, 1971. No. 37795.

Morris J. Bruckner of Marti, O'Gara, Dalton & Bruckner, and Vantine A. James, for appellant.

Healey, Healey, Brown & Burchard and Wellensiek, Morrissey & Davis, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

The basis of this action is an automobile accident. Appellee Roy W. Lang obtained a verdict and judgment in the district court. The principal question on appeal is whether the Lang automobile was on its right half of the highway at the time of the collision. We affirm the judgment of the district court.

The accident occurred near a hillcrest, after dark, on a graveled state highway 27 feet 4 inches in width. Neither party was aware of the other's approach until an instant before the collision. Lang states he took his foot off the accelerator and applied his brakes, but his automobile did not leave any skid marks in its path. The operator of the other vehicle was Ivan A. Meyer who died at the scene of the accident. This car left a skid mark 31 feet 8 inches long extending to the apparent point of collision. This mark was 10 feet 9 inches from the north edge of the highway as was also a gouge mark found 4 feet in front of the skid mark. Lang was going east and Meyer, west. From the point of the gouge mark, the Meyer car left tracks to the northwest and into a ditch. The left track commenced at the gouge mark. Another skip-type skid mark appeared about the width of the space between tires to the north of the 31-foot 8-inch long skid mark. Whether this second skid mark was also made by the Meyer car is disputed and it is not definitely shown to be such.

The Meyer car stopped in the north fence row about 142 feet from the point of collision. The Lang car was apparently stopped in its tracks and swung around until it faced to the west of north. The right-front bumper was 12 feet 4 inches from the north edge of the road and the gouge mark was 4 feet in front of the left front of the Lang vehicle. Photographic exhibits show a short skid mark, possibly 3 feet long, running in a northerly

direction from the right front wheel of the Lang automobile. The collision appears to have occurred between approximately the left 16 inches of the front end of each vehicle. Notwithstanding the evident possibility of other skid marks left by the rear wheels of the Lang automobile as it swung around, there is no evidence of them nor is there any evidence of a skid mark on the south side of the road that could have been made by the Meyer vehicle.

Evidence of Lang and of a passenger in the Meyer car is conflicting as each indicates, although not positively, that he thought the respective vehicle occupied by him was on its right half of the road.

The jury apparently arrived at the conclusion that the Meyer, not the Lang, automobile had crossed the centerline onto the left half of the highway. Appellant insists the physical facts conclusively show this to be erroneous and require reversal. The Lang automobile stopped 1 foot 4 inches across the imaginary centerline and the skid mark of the right front wheel extended some distance farther across the line to the north. If the 31-foot 8-inch skid mark was made by the right wheel of the Meyer car, then the left wheels would have been approximately 2 feet to the south or left of center. It is true that no skid mark was found in that location but that fact is not necessarily conclusive as such marks may be left by a wheel on only one side of an automobile. Likewise, the mark left by the right front wheel of the Lang vehicle obviously resulted after the accident and is not conclusive of its position at the moment of impact. It was stopped and swung around to the northwest when struck. In doing so, it could possibly have been swung across the centerline and left the mark as its momentum continued its swing to the west. In addition, the heaviest debris was found south of the centerline of the highway.

The point at issue is a close one under the facts presented and the circumstances urged by appellant as

ground for reversal present a strong likelihood that the accident may have occurred as appellant contends. Yet, we must bear in mind that the jury is the trier of facts and in a case such as this, we cannot upset the jury's verdict unless the physical facts indisputably demonstrate error. "The physical facts are sufficient to bar a recovery for negligence only when they indisputably demonstrate that the collision out of which the cause of action arose was not caused by the party charged." Riekes v. Schantz, 144 Neb. 150, 12 N. W. 2d 766. See, also, Pruitt v. Lincoln City Lines, 147 Neb. 204, 22 N. W. 2d 651.

Under the circumstances, we do not feel justified in setting aside the verdict of the jury. The judgment of the district court is affirmed.

AFFIRMED.