MARY KAY MILLER, APPELLANT, v. LAMOINE C. ARENDS ET AL., APPELLEES.

215 N. W. 2d 891

Filed March 14, 1974. No. 39229.

Philip T. Morgan, for appellant.

Luebs, Tracy, Huebner, Dowding & Beltzer and D. Steven Leininger, for appellee Arends.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and COLWELL and WARREN, District Judges.

BOSLAUGH, J.

This is an action for damages arising out of an auto-

mobile accident. The plaintiff, Mary Kay Miller, was a passenger in an automobile owned by Wilford Harris and operated by Lyle D. Harris. She was severely injured when the Harris automobile collided with an automobile operated by the defendant LaMoine C. Arends.

At the close of the plaintiff's evidence the action was dismissed by the plaintiff as to Wilford Harris and Lyle D. Harris. The trial court then sustained a motion to dismiss made by the defendant Arends. The plaintiff appeals.

The accident happened on U. S. Highway No. 281 at about 7:15 p.m., on January 2, 1971, approximately 3 miles north of St. Paul, Nebraska. It was dark, snowing hard, and blowing at the time of the accident. Visibility was very poor. The highway was icy and snow-packed. The blacktop surface of the highway at that point was approximately 22 feet wide. Lyle D. Harris testified there was enough snow on the road that the centerline was not distinct, but he could tell which lane he was in from the tracks left by other cars. The highway patrolman testified the centerline of the highway was not visible when he arrived at the scene of the accident.

The Harris automobile approached from the north and was starting up a slight incline when the collision occurred. The Arends automobile approached from the south. The impact was nearly head-on with damage to the left front of both automobiles. After the accident both automobiles came to rest on the east side of the highway in the northbound lane. The Harris automobile was headed in a southwesterly direction. The Arends automobile was headed to the northwest. The right rear of the Arends automobile was on the east shoulder of the highway.

The debris, consisting of small grill parts and glass, was all on the east side of the highway between the two

cars, along the left of the Arends vehicle and near the center of the Harris vehicle. There were two large oil and antifreeze spots on the highway after the accident. One was 1½ feet east of the centerline. The other was 2½ feet east of the centerline.

The second amended petition alleged Arends was negligent in driving on the left side of the road; in operating his motor vehicle with only one headlight; in driving at an excessive speed; and in failing to yield the right-of-way. The answer filed by Arends alleged in part the sole proximate cause of the collision was the negligence of Lyle D. Harris in driving across the centerline into the northbound lane of traffic.

The critical fact in this case is whether Arends was on the east side of the road at the time of the impact. The only evidence as to the speed of Arends was a statement in his deposition that he was going between 30 and 35 miles per hour just prior to the accident. If Arends was on his right side of the road at the time of impact, then the collision occurred because the Harris automobile crossed the centerline. In that event the plaintiff could not recover from Arends because his negligence, if any, was not the proximate cause of the accident.

Both Harris and the plaintiff testified the Harris automobile was on the west side of the centerline at the time of the impact. However, this testimony must be considered in context and in conjunction with the physical evidence plus the fact the centerline was obscured at the time of the accident.

The plaintiff testified she saw the headlights of the Arends automobile approaching from the south in the left-hand lane. She turned to look at Harris and when she turned back there was a big glare of lights "coming right at us." She said: "It seemed like that — it seemed that we were still in the righthand lane and it seemed like it was coming across at us." On cross-examination she was asked if she knew where the Harris automobile

was on the highway at the time of impact. She answered: "No, I don't. It seemed like it was, like we were still traveling, like we had always been, in the righthand lane."

Harris testified he saw a car come over the hill with its bright lights on. These headlights dimmed and immediately there was one headlight. This left a question in his mind as to exactly where the car was. He moved his car to the right somewhat and that is the last he remembers. He did not remember the actual moment of impact.

Exhibits 15 and 16 were photographs of the scene of the accident made the following day. They showed the oil and antifreeze spots that had been observed following the accident. The patrolman testified the stains appeared the same the next day as they had the night before. The plaintiff contends the photographs should not have been received in evidence but there was no objection by the plaintiff at the time they were offered. This was a waiver of any error. Kehr v. Kehr, 173 Neb. 532, 114 N. W. 2d 26.

The physical facts in this case demonstrate the collision occurred on the east side of the highway and the Arends automobile was on the east or right side of the centerline at the time of impact. Where the undisputed physical facts demonstrate the collision out of which the injuries arose was not caused by the negligence of the defendant, the evidence will not support a verdict for the plaintiff. Hessler v. Bellamy, 128 Neb. 571, 259 N. W. 514. See, also, Elwood v. Schlank, 126 Neb. 213, 252 N. W. 828; Southwell v. DeBoer, 163 Neb. 646, 80 N. W. 2d 877.

The defendant's motion to dismiss the action was properly sustained. The judgment of the District Court is affirmed.

AFFIRMED.