542 F.2d 1034
 Doris E. LORD, Administratrix of the Estate of Charles J.
Turner, Deceased, Appellant,
v.
Haskel L. WILKERSON, Appellee.
Doris E. LORD, Administratrix of the Estate of Charles J.
Turner, Deceased, Appellant,
v.
PHIL COLDIRON TRUCKING, INC., a corporation, Appellee.
 Nos. 76-1066, 76-1067.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 12, 1976.
Decided Oct. 21, 1976.
 
 Luebs, Tracy, Dowding, Beltzer & Leininger, Grand Island, Neb., for appellant.
 Gross, Welch, Vinardi, Kauffman & Day, Omaha, Neb., for appellees.
 Before GIBSON, Chief Judge, and HEANEY and WEBSTER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Doris E. Lord appeals from a jury verdict in favor of appellees, defendants below, entered in appellant's wrongful death action brought on behalf of the next of kin of Charles J. Turner. Turner, aged 85, died as a result of a collision between his automobile and a tractor-trailer driven by appellee Haskel Wilkerson, as an agent and employee of appellee Phil Coldiron Trucking Company. Appellant, administratrix of Turner's estate, brought this diversity action, alleging that Wilkerson negligently drove his vehicle across the center line. In this appeal appellant contends the District Court[1] erred in denying her motion for a directed verdict, which she made at the close of all the evidence. We affirm the District Court.
 
 
 2
 On April 7, 1973, at approximately 9:30 a. m., Turner was driving his Gremlin in a northerly direction on Highway 81, a Nebraska state highway. According to Gerald Chapin, a hitchhiker who was standing by the road, Turner came around a bend in the road and his car drifted over the center line. Another hitchhiker, Michael Johnson, saw Wilkerson heading south on the highway. He watched Wilkerson until the truck was about thirty feet from the hitchhikers, at which point Johnson turned away to keep from getting dust blown in his eyes. At no time while Johnson was watching him did Wilkerson's truck cross the center line. Wilkerson saw Turner's car stray across the center line, but thought the Gremlin began to move back into its proper lane. The vehicles collided near the hitchhikers, fatally injuring Turner.
 
 
 3
 Appellant presented an expert witness who reconstructed the accident from photographs taken at the scene. On the basis of skid marks, debris on the road, and the position of the vehicles, it was his opinion the accident occurred in Turner's lane of traffic.
 
 
 4
 Appellant contends the District Court erred in denying her motion for a directed verdict on the issue of liability. She argues that Nebraska law requires a directed verdict in cases involving head-on collisions when the undisputed physical facts demonstrate that the collision occurred on one side of the highway.
 
 
 5
 In reviewing the District Court's denial of appellant's motion for a directed verdict based on sufficiency of the evidence, we note that federal and Nebraska standards are substantially the same. Barclay v. Burlington Northern, Inc., 536 F.2d 263, 267 (8th Cir. 1976); Schneider v. Chrysler Motors Corp., 401 F.2d 549, 555 (8th Cir. 1968); Grand Island Grain Co. v. Roush Mobile Home Sales, Inc., 391 F.2d 35, 41-42 (8th Cir. 1968).
 
 
 6
 A motion for a directed verdict should be granted "only when all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party." Barclay v. Burlington Northern, Inc., supra, 536 F.2d at 267; Decker-Ruhl Ford Sales, Inc. v. Ford Motor Credit Co., 523 F.2d 833, 836 (8th Cir. 1975). As this Court has noted,
 
 
 7
 (A) motion for a directed verdict is properly denied where the evidence presented allows reasonable men in a fair exercise of their judgment to draw different conclusions. * * * In making this determination, the evidence, together with all reasonable inferences to be drawn therefrom, must be viewed in the light most favorable to the nonmoving party. (Citations omitted.)
 
 
 8
 Vickers v. Gifford-Hill & Co., 534 F.2d 1311, 1315 (8th Cir. 1976), quoting Giordano v. Lee, 434 F.2d 1227, 1231 (8th Cir. 1970), cert. denied, 403 U.S. 931, 91 S.Ct. 2250, 29 L.Ed.2d 709 (1971).
 
 
 9
 Appellant's expert admitted that his opinion that the impact must have occurred in Turner's lane of traffic was directly contradicted by the testimony of the two hitchhikers. He conceded that his reconstruction of the accident was inconsistent with Johnson's statement that the Wilkerson vehicle was in its proper lane thirty feet in front of the hitchhikers. It was for the jury to resolve the clear conflict in the evidence on proximate cause presented in this case, and the court did not err in denying appellant's motion for a directed verdict.[2]
 
 
 10
 Affirmed.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska
 
 
 [2]
 We also reject appellant's contention that on these facts Nebraska law requires a directed verdict. The cases she cites are inapplicable to the present case. In Miller v. Arends, 191 Neb. 494, 215 N.W.2d 891 (1974), the line in the center of the road was obscured by snow, thus rendering unreliable the testimony of witnesses as to where each car was immediately before the impact. And in Elwood v. Schlank, 126 Neb. 213, 252 N.W. 828 (1934), the physical facts were partially corroborated by statements made by one of the parties shortly after the accident. Here, on the other hand, there is nothing to corroborate the conclusion drawn by appellant's expert, nor is there any reason to discredit the testimony given by the hitchhikers. We note that to sustain a directed verdict based on physical facts, Nebraska law requires that those facts "indisputedly demonstrate" the negligence or absence thereof on the part of one of the parties. Meyer v. Lang, 187 Neb. 202, 188 N.W.2d 692, 694 (1971); Riekes v. Schantz, 144 Neb. 150, 12 N.W.2d 766, 768 (1944). Here, appellant's evidence of physical facts was sharply disputed by eyewitness testimony