JOHN GREEN, APPELLANT, v. JAMES HOUSEWORTH, APPELLEE.
246 N. W. 2d 650

Filed November 10, 1976. No. 40564.

J. Michael Fitzgerald of Matthews, Kelley, Cannon & Carpenter, for appellant.

D. Nick Caporale of Schmid, Ford, Mooney, Frederick & Caporale, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This is an appeal in an action for damages arising out of an automobile accident. The jury returned a verdict for the defendant and the plaintiff has appealed.

The accident happened on August 25, 1973, at about 5:30 p.m. The weather was clear and the road was dry. The plaintiff was returning to Omaha, Nebraska, after fishing in a backwater along the west bank of the Missouri River in Washington County, Nebraska. He was driving south on the river road which is 24 to 26 feet wide and surfaced with rock or gravel. He was following another automobile operated by his brother, Willie Green, which raised a large amount of dust. The plaintiff testified that he followed the Willie Green car for about a mile or two at a distance of a car length and a half and then at the request of his mother, a passenger in the car, slowed down to approximately 5 miles per hour. The plaintiff claims that he was on the right side of the road at all times.

The defendant was driving north on the river road at about the same time. He met the automobile operated by Willie Green at a point about 1½ miles north of the county line. He estimated its speed at between 50 and 60 miles an hour. The defendant had been traveling about 45 miles per hour and reduced his speed to about 33 miles an hour as he passed the Willie Green automobile. He kept his foot off the accelerator and coasted into the dust. About 4 seconds later he saw the plaintiff's automobile which was then about 5 feet away and "in the middle" to his side of the road and at an angle to his car. The impact occurred immediately with the left front ends of the two cars colliding. After the accident the plaintiff's car was on the west side of the road headed to the southeast. The defendant's car was on the east side of the road headed to the northwest with the back end in the ditch and the rear wheels off the road. The defendant claims that he was on the right side of the road at all times.

At the close of the evidence the plaintiff moved for a directed verdict on the issues of negligence, proximate cause, and contributory negligence which motion was overruled. The plaintiff also submitted instructions,

which were refused, to the effect that the defendant was negligent in failing to keep a proper lookout, maintain reasonable control, and in driving at an excessive rate of speed.

The case was submitted to the jury on the issues of negligence, proximate cause, and contributory negligence as alleged in the petition and answer. The plaintiff contends the trial court should have directed a verdict on the issues of negligence and proximate cause. He relies on evidence that the defendant's vision was obscured by the dust and the defendant was unable to stop in time to avoid a collision after the plaintiff's automobile came into view.

The plaintiff cites Murray v. Pearson Appliance Store, 155 Neb. 860, 54 N. W. 2d 250, in which it was said that where the vision of a driver is obscured, it is his duty to stop until visibility is restored or to reduce his speed and have his car under such control that he can stop immediately if necessary.

Conditions which materially impair or wholly destroy visibility impose upon drivers a duty to exercise a degree of care commensurate with the surrounding circumstances. Stevens v. Shaw, 179 Neb. 34, 136 N. W. 2d 169. It is usually a jury question whether the conduct of a driver confronted with such conditions was negligent under the circumstances. In Huston v. Robinson, 144 Neb. 553, 13 N. W. 2d 885, this court noted that there is danger of being struck from the rear when one stops his car because of poor visibility on a highly traveled highway. Where visibility is lacking it is the duty of a driver to exercise the care of a reasonable and prudent person under similar circumstances.

There was some conflict in the evidence as to the extent the vision of each driver was obscured by the dust. The defendant testified that he could not see more than a foot beyond the front of his car after he entered the dust although he could see the weeds and the ditch on the right side of the road. The plaintiff testified

that he first saw the defendant's automobile when it was about 50 feet in front of him.

The defendant did take some precautions when he saw the Willie Green car approaching. He reduced his speed and continued to decelerate as his car entered the dust. The impact occurred about 4 seconds later. Whether this was negligence with respect to an automobile moving in the opposite direction was a jury question. See Bainter v. Appel, 124 Neb. 40, 245 N. W. 16.

It is clear that the accident would not have happened if both cars had been on the right side of the road at the time of the impact. If the defendant's automobile was on the right side of the road at the time of the impact, the specifications of negligence about which the plaintiff complains were not a proximate cause of the collision.

Miller v. Arends, 191 Neb. 494, 215 N. W. 2d 891, involved a head-on collision between automobiles proceeding in opposite directions on a two-lane highway in a snowstorm. In that case we said: "The critical fact in this case is whether Arends was on the east side of the road at the time of the impact. * * * If Arends was on his right side of the road at the time of impact, then the collision occurred because the Harris automobile crossed the centerline. In that event the plaintiff could not recover from Arends because his negligence, if any, was not the proximate cause of the accident."

The critical fact in this case is whether one or both of the parties were on the wrong side of the highway at the time of the collision. The evidence was in conflict and the issues of negligence, proximate cause, and contributory negligence were for the jury.

The judgment of the District Court is affirmed.

AFFIRMED.